# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6825 | **DATE** | 1/10/2003 |
| **CASE TITLE** | USA ex rel DENNIS PIWOWAR vs. BENSKO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Pursuant to Memorandum Opinion and Order entered this day, the petition for a writ of habeas corpus is denied. This case is dismissed in its entirety. Any other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 1 3 2003 date docketed | 10 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/10/2003 date mailed notice | |
| JS | courtroom deputy's initials | 03 JAN 13 AM 8:03 Date/time received in central Clerk's Office | JS mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>DENNIS PIWOWAR,<br><br>    Petitioner,<br><br>v.<br><br>RAYMOND BENSKO, Warden,<br>Jacksonville Correctional Center<br><br>    Respondent. | 02 C 6825 |

**DOCKETED JAN 1 3 2003**

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On September 24, 2002, petitioner Dennis Piwowar ("Piwowar") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, Piwowar's petition for habeas relief is DENIED.

## BACKGROUND

Piwowar is currently incarcerated at Dixon Correctional Center. Piwowar was indicted in the Circuit Court of Dupage County on a 38-count indictment involving charges of aggravated battery, residential burglary, and attempted criminal sexual assault. On February 23, 1998, pursuant to a partial plea agreement with the prosecution, Piwowar pled guilty to one count of attempted sexual assault, two counts of battery, and seven counts of residential burglary. The remaining charges against Piwowar were dismissed pursuant to the plea agreement. After a sentencing hearing, Piwowar received concurrent terms of three years for the aggravated battery, thirteen years

1



for the residential burglary and six years for the attempted criminal sexual assault.

After the sentencing, Piwowar filed a motion to vacate or withdraw his guilty plea and to reconsider his sentence. The trial court denied Piwowar's motion in June 1998. Piwowar appealed to the Illinois Appellate Court, Second District, and raised the following issues: 1) whether the trial judge correctly denied Piwowar's motion to vacate or withdraw his guilty plea and to reconsider his sentence, premised on Piwowar's contention that he did not enter a knowing, voluntary and intelligent plea; 2) whether the trial judge correctly accepted the partial plea agreement under circumstances in which the judge allegedly should have advised Piwowar of the availability of an insanity defense; 3) whether the sentence of thirteen years for the residential burglary offenses was excessive given the alleged mitigation and given Piwowar's allegation that he was mentally ill; and 4) whether a sufficient factual basis exists in the record for the trial judge to have accepted the plea under Illinois Supreme Court Rule 402. In an unpublished order issued September 29, 1999, the appellate court denied Piwowar's claims on direct appeal. Piwowar then filed a petition for rehearing and reconsideration, which the appellate court denied on November 19, 1999.

Next, Piwowar sought leave to appeal to the Supreme Court of Illinois, raising the following issues: 1) whether the appellate court failed to consider whether the trial judge issued admonishments to Piwowar regarding an insanity plea, or a plea of guilty but mentally ill in purported compliance with People v. Gettings, 175 Ill.App.3d 920, 530 N.E.2d 647 (4th Dist. 1988); 2) whether the appellate court should have "reversed" the plea of guilty to a plea of guilty but mentally ill in order for Piwowar to receive treatment for his alleged mental illness; 3) whether the trial judge correctly denied Piwowar's motion to vacate or withdraw the guilty plea and reconsider the sentence due to Piwowar's allegation that he did not enter a knowing, voluntary, and intelligent

2

plea; 4) whether the trial judge correctly accepted the partial plea agreement under circumstances in which the judge allegedly should have advised Piwowar of the availability of an insanity defense or a plea or finding of guilty but mentally ill. Piwowar's petition for leave to appeal to the Illinois Supreme Court was denied on February 2, 2000.

The Piwowar then sought post-conviction relief in the trial court, arguing that: 1) his Fourth and Fifth Amendment rights were violated when he was allegedly subject to custodial interrogation without having been given <u>Miranda</u> warnings; 2) his statements to the police were involuntary; 3) the search warrant authorizing the search of his home was improperly obtained because it was based on those allegedly involuntary statements; 4) the search warrant was improperly executed because the police allegedly seized items that were neither in plain view nor listed in the warrant; 5) Piwowar's trial counsel was ineffective for failing to inform Piwowar of the possibility of insanity defense or a plea of guilty but mentally ill; 6) the trial judge failed to properly consider psychiatric evidence allegedly in the record; and 7) Piwowar's plea was involuntary because he was allegedly promised a sentence of four years. No hearing was held on the post-conviction petition and it was dismissed by the trial judge as frivolous and patently without merit.

Piwowar appealed the dismissal of his post-conviction petition to the Illinois Appellate Court, raising the same issues listed above and arguing that the trial court erroneously denied Piwowar's request for post-conviction relief without granting an evidentiary hearing. The appellate court rejected Piwowar's arguments on appeal and affirmed the trial court's dismissal of Piwowar's post-conviction petition. Piwowar then sought leave to appeal to the Illinois Supreme Court, raising the following issues: 1) whether the Fourth and Fifth Amendment claims raised in his motion to suppress during trial should have been considered on post-conviction review, despite his guilty plea;

2) whether his Fourth and Fifth Amendment rights were violated when he was allegedly subjected to custodial interrogation without having been given Miranda warnings; 3) whether his statements to the police were involuntary; 4) whether the search warrant authorizing the search of his home was improperly obtained because it was based upon his alleged involuntary statements; and 5) whether the search warrant was improperly executed. The Illinois Supreme Court denied Piwowar's petition on May 30, 2002.

Piwowar, through counsel, filed the present habeas petition on September 24, 2002. Piwowar raises the following issues: 1) whether trial counsel was ineffective for failing to have psychological and psychiatric records made part of the record, failing to discuss or investigate the guilty but mentally ill plea or insanity defense, advising Piwowar that he would receive a sentence of at least 50 years if he did not plead to three counts, and advising Piwowar that he would get four years at 50% and be out of prison in eight months if he pled guilty; 2) whether Piwowar was deprived of his Fourth and Fifth Amendment rights when the trial judge denied a motion to suppress Piwowar's statements which were allegedly given without prior Miranda warnings, denied a motion to suppress Piwowar's statements which were allegedly involuntary, and denied a motion to quash a search warrant which was issued on the basis of Piwowar's allegedly involuntary statements; 3) whether Piwowar was deprived of due process and equal protection because he was denied a full and fair hearing on the merits of his state court post-conviction petition and because of the state court's failure to consider the Fourth and Fifth Amendment violations in its denial of Piwowar's motion to suppress; and 4) whether Piwowar was deprived of due process, equal protection, and his right to free speech, and was subjected to "excessive punishment" under the Eight Amendment because the Illinois Department of Corrections revoked six months of good conduct credit due to the trial court's

finding that the state post-conviction petition filed by Piwowar was frivolous and patently without merit.

## STANDARD OF REVIEW

A federal court may grant a writ of habeas corpus on behalf of a prisoner held in custody pursuant to a state court judgment only if the petitioner is held in custody in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). It follows that errors of state law are irrelevant unless they resulted in the deprivation of a constitutional or federal right. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Perry v. McCaughtry, 308 F.3d 682, 688 (7th Cir. 2002). And it must be kept in mind that "the Constitution entitles a criminal defendant to a fair trial, not a perfect one." Delaware v. Van Arsdall, 475 U.S. 673, 681 (1986); Todd v. Schomig, 283 F.3d 842, 850 (7th Cir. 2002).

Prior to the court's consideration of a petitioner's claims on the merits, a habeas petitioner must meet several distinct procedural requirements. A habeas petitioner must first have given the state's highest court an opportunity to address each claim. See O'Sullivan v. Boerckel, 526 U.S. 838, 841-42, 119 S.Ct. 1728 (1999); Mahaffey v. Schomig, 294 F.3d 907, 914-15 (7th Cir. 2002). To satisfy this requirement, a petitioner must present to the state judiciary both the operative facts and legal principles that control each claim. See Mahaffey, 294 F.3d at 914-15. A petitioner must comply with state rules to avoid procedurally defaulting his claims, see id., and each claim must have been "fairly presented," in the manner prescribed by state law, apprising the state courts of the facts and law supporting each claim. Sullivan, 526 U.S. at 848, 119 S.Ct. 1728. A constitutional claim presented to the state courts solely in state-law terms may be found to have been forfeited. See

5

Wilson v. Briley, 243 F.3d 325, 327-28 (7th Cir.2001); Moleterno v. Nelson, 114 F.3d 629, 634 (7th Cir.1997).

Accordingly, procedural default can occur where: (1) the petitioner presents an issue within a petition never before presented to the state court for review, see Rodriguez v. Peters, 63 F.3d 546, 555 (7th Cir. 1995); (2) the petitioner failed to properly and fairly raise the federal element of an issue now presented on petition first to the state court for review, see Verdin v. O'Leary, 972 F.2d 1467, 1472 (7th Cir. 1992); or (3) the state court previously disposed of an issue now presented on petition on an independent and adequate state law ground, such as a state procedural bar, see Coleman v. Thompson, 501 U.S. 722, 729, 111 S.Ct. 2546 (1991). A federal court may excuse a procedural default if a petitioner can show either cause for the default and prejudice arising from failure to review the claims, or that failure to review the claims on procedural grounds would result in a fundamental miscarriage of justice. See Mahaffey, 294 F.3d at 914-15.

Once these prerequisites have been met and a federal court reaches the merits of a petitioner's claims, the court may grant a writ of habeas corpus on a claim decided on the merits by the state courts only if the state courts' rejection of that claim either (1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Further, 28 U.S.C. § 2254(e)(1) provides that determinations of factual issues by state courts are presumed correct, and may be rebutted only by clear and convincing evidence.

A state-court decision is contrary to Supreme Court precedent if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law. See Williams v.

Taylor, 529 U.S. 362, 405, 120 S.Ct. 1495, 519 (2000). Second, a state-court decision is also contrary to Supreme Court precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a different result. See id. To demonstrate that a state court decision resulted in an "unreasonable application" of Supreme Court precedent, a petitioner must show that despite identifying the correct rule of law, the state court unreasonably applied it to the facts of his case. Id. at 410-12.

## ANALYSIS

### I. Ineffective Assistance of Trial Counsel

#### A. Psychological Examination Records and Insanity Defense

In support of his claim that trial counsel was constitutionally ineffective, Piwowar argues that trial counsel failed to have certain psychological and psychiatric reports made part of the record, and "failed to discuss or investigate the guilty but mentally ill or insanity defense." (Habeas Pet. at 5). On direct appeal, Piwowar challenged the trial court's denial of his motion to vacate his plea, arguing that he did not knowingly, voluntarily, and intelligently enter into the plea. Piwowar's presentation of his claims was convoluted and difficult to decipher, but it appears Piwowar argued, among other things, that his plea was involuntary because he did not know that if he had gone to trial, he could have presented a defense of insanity, sought a verdict of guilty but mentally ill, or tried to enter a plea of guilty but mentally ill. Piwowar cited to portions of the contents of certain psychiatric records which he claimed were obtained by his trial counsel and impounded in the record. In his brief, however, Piwowar did not discuss the contents of the records or specify the mental illness from which he contended he suffered. While, in his brief, Piwowar blamed his trial counsel for failing to advise him properly, Piwowar did not couch his involuntary-plea claim in terms of

7

ineffective assistance of trial counsel and did not cite to Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). Piwowar also did not argue that trial counsel was ineffective for failing to include the psychiatric material in the record.

Piwowar's trial counsel obtained two psychological examinations of Piwowar prior to the guilty plea hearing. After his sentencing, Piwowar asserted in his motion to vacate that his trial counsel never discussed the insanity defenses with him and that the psychological reports confirmed his assertion that his mental condition satisfied the legal definition of insanity or mental illness. On direct appeal, however, the appellate court rejected Piwowar's arguments that his plea was involuntary due to his alleged misunderstanding of the law. First, the appellate court found that the psychological reports were not made part of the record on appeal and that Piwowar, who was the appellant, bore the burden of presenting a sufficiently complete record of the proceedings at trial. Because any doubts that may arise from the incompleteness of the record will be resolved against the appellant, Landeros v. Equity Property and Development, 321 Ill.App.3d 57, 63, 747 N.E.2d 391, 398 (Ill. App. 1 Dist. 2001), the appellate court found that there was no merit to Piwowar's contention regarding his insanity defenses. The appellate court further found it significant that at the hearing on Piwowar's motion to vacate, Piwowar's sister testified that Piwowar's trial counsel had actually discussed with her and Piwowar the question of Piwowar's pleading not guilty by reason of insanity, and had told them that this defense was not an option because Piwowar was not insane.

Piwowar then sought leave to appeal to the Illinois Supreme Court, but the brief he submitted was equally as confusing as his brief on direct appeal and he appeared to raise similar arguments as he did in his brief on direct appeal. Again, Piwowar appeared to have been arguing that his plea was involuntary, but again failed to couch his argument in terms of an ineffective assistance of counsel

claim. After his petition was denied, Piwowar sought but was denied post-conviction relief in the trial court. Piwowar appealed and in another disordered brief, he reasserted that his plea was involuntary because he could have pursued a plea or finding of guilty but mentally ill, or a finding of not guilty by reason of insanity. Piwowar also argued in this brief that his trial counsel was constitutionally ineffective for, among other things, failing to properly utilize, disclose, and make part of the record the psychological reports.

The appellate court, in reviewing Piwowar's request for post-conviction relief, found that Piwowar's claim that his plea was involuntary was already raised and decided on direct appeal and thus was barred by *res judicata*. Issues that were decided on direct appeal are barred by the doctrine of res judicata. People v. Enis, 194 Ill.2d 361, 375, 743 N.E.2d 1, 10 (2000). Piwowar argued that *res judicata* did not apply because his trial counsel was ineffective for failing to include the psychological records and reports in the record and therefore, the appellate court did not have the opportunity to review those records on direct appeal. The appellate court rejected this argument, reasoning that Piwowar was represented by new counsel on his post-trial motion to vacate. Piwowar's new counsel obtained the psychological and psychiatric evaluations in question prior to the hearing on Piwowar's motion to vacate his guilty plea, provided copies of these evaluations to the state, and relied on these evaluations in arguing Piwowar was mentally ill. Given appellate counsel's possession of and reliance on the evaluations at the hearing on Piwowar's motion to vacate and in Piwowar's direct appeal, the appellate court found that Piwowar's new counsel should have made certain the evaluations were included in the record. Consequently, the lack of records on direct appeal was not the result of any ineffectiveness of Piwowar's *trial* counsel.

Piwowar now argues in his habeas petition that his trial counsel was ineffective for failing

9

to discuss with him the insanity defense or the guilty but mentally ill plea, and for failing to have the psychological reports made part of the record on appeal. First, this court must decide if Piwowar has procedurally defaulted on these claims for failing to first present them to the state court for review, or because the state court previously disposed of the issue on an independent and adequate state law ground, such as a state procedural bar. Due to the convoluted nature of Piwowar's briefs in the record, this court cannot state with certainty that Piwowar fairly presented his ineffective assistance of counsel claims with regards to the psychological records and the mentally ill or insanity defenses to the state court for disposition. Piwowar raised both of these claims in support of his Fifth Amendment challenge to the voluntariness of his plea, and not as a separate Sixth Amendment ineffective assistance of counsel claim. The appellate court, in turn, addressed Piwowar's Fifth Amendment claims and the underlying allegations that Piwowar's trial counsel was ineffective without specifically discussing the claims as Sixth Amendment claims. Respondent argues that Piwowar has waived his ineffective assistance of counsel claim.

Upon review of the record and applicable law, this court holds that because under the law a plea is knowing and intelligent when defendant is competent, aware of the charges, and advised by competent counsel, Piwowar's attack on his guilty plea inherently incorporates an attack on the representations and advice of his trial counsel. See Galbraith v. United States, 2002 WL 31835532 at *2 n.1 (7th Cir., Dec. 19, 2002) (characterizing petitioner's "quasi-Sixth Amendment" claim as "merely an additional component of the Fifth Amendment analysis because the 'intelligent' element of satisfying due process is defined as requiring advice by effective counsel"); United States v. Jordan, 870 F.2d 1310, 1317 (7th Cir. 1989) (describing petitioner's Sixth Amendment claim as "subsumed" by the Fifth Amendment analysis). The same standard for proving ineffective counsel,

to discuss with him the insanity defense or the guilty but mentally ill plea, and for failing to have the psychological reports made part of the record on appeal. First, this court must decide if Piwowar has procedurally defaulted on these claims for failing to first present them to the state court for review, or because the state court previously disposed of the issue on an independent and adequate state law ground, such as a state procedural bar. Due to the convoluted nature of Piwowar's briefs in the record, this court cannot state with certainty that Piwowar fairly presented his ineffective assistance of counsel claims with regards to the psychological records and the mentally ill or insanity defenses to the state court for disposition. Piwowar raised both of these claims in support of his Fifth Amendment challenge to the voluntariness of his plea, and not as a separate Sixth Amendment ineffective assistance of counsel claim. The appellate court, in turn, addressed Piwowar's Fifth Amendment claims and the underlying allegations that Piwowar's trial counsel was ineffective without specifically discussing the claims as Sixth Amendment claims. Respondent argues that Piwowar has waived his ineffective assistance of counsel claim.

Upon review of the record and applicable law, this court holds that because under the law a plea is knowing and intelligent when defendant is competent, aware of the charges, and advised by competent counsel, Piwowar's attack on his guilty plea inherently incorporates an attack on the representations and advice of his trial counsel. See Galbraith v. United States, 2002 WL 31835532 at *2 n.1 (7th Cir., Dec. 19, 2002) (characterizing petitioner's "quasi-Sixth Amendment" claim as "merely an additional component of the Fifth Amendment analysis because the 'intelligent' element of satisfying due process is defined as requiring advice by effective counsel"); United States v. Jordan, 870 F.2d 1310, 1317 (7th Cir. 1989) (describing petitioner's Sixth Amendment claim as "subsumed" by the Fifth Amendment analysis). The same standard for proving ineffective counsel,

the Strickland deficient performance-plus-actual prejudice test, applies to both the Fifth and Sixth Amendment claims. Galbraith, 2002 WL 31835532, at *2 n.1. Therefore, this court will assume for purposes of its analysis, that Piwowar properly raised these two ineffective assistance of counsel claims in state court. Although Piwowar did not couch his argument specifically as a Sixth Amendment claim, Piwowar did present a claim that his plea was not knowing, voluntary, and intelligent, and the state court's determination that Piwowar's plea was "intelligent" also constitutes a determination that petitioner was advised by competent counsel.

The next step is determining whether the state court's disposal of Piwowar's claims resulted in a decision that was contrary to or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). As discussed above, the appellate court rejected Piwowar's argument that his plea was involuntary because Piwowar allegedly misunderstood the law on insanity defenses and pleas of guilty but mentally ill. The appellate court found that the evidence in the record established that Piwowar's trial counsel requested the psychological examinations, discussed with Piwowar and his sister the question of pleading not guilty by reason of insanity prior to Piwowar's guilty plea, and told them that this defense was not an option because Piwowar was not insane. The appellate court further noted that it was Piwowar's appellate counsel, not his trial counsel, who represented Piwowar on his post trial motion to vacate his plea, and that his appellate counsel obtained the psychological evaluations at that time and was responsible for making those part of the record.

To establish that he was deprived of the effective assistance of counsel, a petitioner must

11

demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) counsel's errors were so serious as to deprive the petitioner of a fair trial, a trial whose result is reliable. See Strickland v. Washington, 466 U.S. 668, 685 (1984). Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, the petitioner would not have pled guilty. See Tezak v United States, 256 F.3d 702, 712 (7th Cir. 2001). This court finds that the state court's disposition of Piwowar's claim that his guilty plea was not "intelligent" did not involve an unreasonable application of Federal law, nor did it result in a decision based on an unreasonable determination of the facts in light of the evidence presented in state court. Piwowar claimed his trial counsel did not discuss the mental health issues with him but did not present any evidence to support this contention beyond his self-serving allegations. Instead, the evidence in the record established that the trial counsel requested and considered the psychological evaluations, discussed the mental health issues with defendant, and exercised his professional judgment in deciding to forego any insanity or guilty but mentally ill defenses. The state court's factual determination that Piwowar was informed of any insanity or guilty but mentally ill defenses prior to his plea and did not plead guilty based on any misapprehension of the law is presumed to be correct, and Piwowar has not rebutted this determination with any clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Accordingly, this court does not find the appellate court's determination that Piwowar was advised by competent counsel prior to his plea to be an unreasonable application of clearly established Supreme Court law or to result in a decision based on an unreasonable determination of the facts.

Further, as to the failure to include the psychological evaluations in the record on appeal, this court also does not find the appellate court's determination to be an unreasonable application of

12.

Federal law. Based on the record, the trial counsel did not include the psychological evaluations in the trial record because he reviewed them and determined that any insanity or guilty but mentally ill defenses were not applicable. Piwowar has not presented any evidence to establish that his trial counsel's action was objectively unreasonable. Further, as the appellate court noted, Piwowar was represented by new counsel at the hearing post-trial motion to vacate the guilty plea, at which point the new counsel obtained and relied on the psychological records but failed to include them as part of the record on direct appeal. Any claim that his new counsel, rather than his trial counsel, was constitutionally defective for failing to include the psychological reports in the record is procedurally defaulted because Piwowar has not presented this claim to the state courts.

### B. Alleged Faulty Advice

In his last two ineffective-counsel claims, Piwowar contends that trial counsel advised him that "he would receive a sentence of at least 50 years if he did not plead to 3 counts" and that "he would get 4 years at 50% and be out of prison in 8 months if he plead [*sic*]." (Habeas Pet. at 5.) After his sentencing, Piwowar submitted, with his motion to vacate his guilty plea, an affidavit asserting that his trial counsel had advised him in this manner. At the hearing on Piwowar's motion to vacate, Piwowar's sister also testified that when she and Piwowar met with the trial counsel, he advised them that Piwowar would get a fifty-year sentence if he proceeded with trial and would receive a four-year sentence if he pled guilty. Piwowar argues that had he not received this advice, he would not have pled guilty. The trial court rejected Piwowar's arguments and denied Piwowar's motion to vacate his guilty plea. In addressing these claims on direct appeal, the appellate court found that the trial court was not required to accept Piwowar's self-serving affidavit statement or his sister's testimony, and that the trial court could instead regard the statements as improbable, false,

or reflecting an unreasonable basis. In addition, as the appellate court noted, Piwowar's responses on the record during the plea colloquy with the trial judge at the guilty plea hearing further refuted Piwowar's contention that he pled guilty based on his trial counsel's promise of a four-year sentence. Further, at defendant's sentencing hearing, when the trial court imposed sentences of three years incarceration on the aggravated batter convictions, six years on the attempted criminal sexual assault conviction, and thirteen years on the residential burglary convictions, Piwowar neither objected nor voiced any dismay over the length of the sentences.

Under 28 U.S.C. § 2254(e)(1), this court must presume a factual issue decided by the state court is correct and Piwowar may rebut this factual determination only by clear and convincing evidence. This court finds that in his petition for habeas relief, Piwowar has not presented any clear and convincing evidence to rebut the state court's factual determination that Piwowar's trial counsel did not render this advice, or that in any event, reliance by Piwowar on this alleged advice was not reasonably justified. Accordingly, this court does not find that the state court's determination that Piwowar's plea was voluntary, knowing, and intelligent, and its indirect determination that Piwowar's trial counsel was not constitutionally ineffective, to be an unreasonable application of clearly established Supreme Court law or to result in a decision based on an unreasonable determination of the facts in light of the evidence presented.

II. Fourth and Fifth Amendment Claims

Next, Piwowar contends that he was deprived of his rights under the Fourth and Fifth Amendments. Piwowar raises three separate, but related claims: 1) the trial judge denied Piwowar's motion to suppress Piwowar's statements obtained in violation of Miranda; 2) the trial judge denied Piwowar's motion to suppress Piwowar's statements which were involuntary; 3) the trial judge

14

denied a motion to quash a search warrant which was issued on the basis of Piwowar's allegedly involuntary statements. For the following reasons, this court finds that Piwowar has procedurally defaulted on his Fourth and Fifth Amendment claims.

Prior to his plea, Piwowar litigated these issues in a motion to suppress, which the trial court denied. Plaintiff did not and could not appeal his Fourth and Fifth Amendment claims on direct appeal. People v. Peeples, 155 Ill.2d 422, 490, 616 N.E.2d 294 (1993) ("In Illinois . . . a voluntary plea of guilty waives all errors or irregularities that are not jurisdictional."); People v. Cunningham, 286 Ill.App.3d 346, 348-49, 676 N.E.2d 998, 1000-01 (Ill.App. 4 Dist.1997) ("A voluntary guilty plea waives all nonjurisdictional errors or defects."). Piwowar raised his Fourth and Fifth Amendment claims in his petition for post-conviction relief. In the post-conviction proceedings, the appellate court found that the Fourth and Fifth Amendment claims Piwowar raised were outside the scope of the post-conviction proceedings because the issues were already adjudicated at the motion to suppress hearing. See People v. Madej, 177 Ill.2d 116, 127, 685 N.E.2d 908, 914 (1997) (holding that the scope of the post-conviction proceeding is "limited to constitutional matters which have not been, nor could have been, previously adjudicated"). This court finds that the appellate court's disposition of Piwowar's Fourth and Fifth Amendment claims based on state procedural default, constitutes an independent and adequate state law ground.

Before a federal court may address the merits of a habeas corpus petition, the petitioner must provide the state courts with the opportunity to review his constitutional claims. See Boerckel v. O'Sullivan, 135 F.3d 1194, 1196 (7th Cir. 1998); Momient-El v. DeTella, 118 F.3d 535, 538 (7th Cir.), *cert. denied*, 522 U.S. 984, 118 S.Ct. 448 (1997). If a state court declines to review a petitioner's claim because the petitioner has failed to satisfy a state procedural rule, that claim is

15

procedurally defaulted and barred from federal habeas review. See Boerckel, 135 F.3d at 1197; Aliwoli v. Gilmore, 127 F.3d 632, 634 (7th Cir.1997). A state "is entitled to treat as forfeited a proposition that was not presented in the right court, in the right way, and at the right time–as state rules define those courts, ways, and times." Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002) (citing Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497 (1977)). Failure to comply with the state's procedural rules furnishes an independent and adequate state ground for the decision that blocks federal collateral review. See id. (citing Harris v. Reed, 489 U.S. 255, 109 S.Ct. 1038(1989)). Thus, "[i]f a claim is found to be waived by an Illinois appellate court, . . . we will not entertain that claim," unless the petitioner can establish both cause for the procedural error and prejudice resulting from that error. Aliwoli, 127 F.3d at 634.

Here, Piwowar has not established cause for his default. A petitioner can establish cause for a procedural default by demonstrating that he received ineffective assistance of counsel. Pisciotti v. Washington, 143 F.3d 296, 300 (7th Cir. 1998). However, the ineffective-assistance claim must have been presented to the state courts in the manner required by state procedural rules. See id. "[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted . . . ." Edwards v. Carpenter, 529 U.S. 446, 453, 120 S.Ct. 1587, 1592 (2000). Here, Piwowar asserted in his petition for post conviction relief that his trial counsel was ineffective for not explaining to him that he would waive the issue of the denial of his motion to suppress if he entered a plea of guilty. However, this issue could have been, but was not, raised on direct appeal and therefore, is waived.

III. Post-Conviction Proceedings

Piwowar contends that he was deprived of due process and equal protection because:1) he

16

was "denied a full and fair hearing on the merits of his State Court Post-Conviction Hearing Act Petition by a summary dismissal, regarding promises his attorney made off the record to enter his plea"; and 2) because of the "refusal" of the state courts "to consider the denial of the Fourth and Fifth Amendment violations on the denial of the Motion to Suppress, which could not be raised on direct appeal." (Habeas Pet. at 5.) This court finds Piwowar's claims about the propriety of the post-conviction proceedings are state law issues which cannot be the subject of habeas review. Federal habeas corpus relief is available only to persons being held in state custody in violation of the Constitution or federal law; it is not a remedy for errors of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991). No constitutional provision or federal law entitles Piwowar to any state collateral review. Pennsylvania v. Finley, 481 U.S. 551, 557, 107 S.Ct. 1990, 1994 (1987) ("States have no obligation to provide this avenue of relief."). Unless state collateral review violates some independent constitutional right, errors in state collateral review cannot form the basis for federal habeas corpus relief. Montgomery v. Meloy, 90 F.3d 1200, 1206 (7th Cir. 1996). Further, this court finds that Piwowar did not "fairly present" to the state courts any due process or equal protection claim with regards to this handling of his post-conviction proceedings.

IV. Revocation of Good-Conduct Credit

Finally, Piwowar contends that he was deprived of due process, equal protection and his right to free speech, and was subjected to "excessive punishment" under the Eighth Amendment because under 730 ILCS 5/3-6-3, the Illinois Department of Corrections ("IDOC") revoked six months of Piwowar's good-conduct credit due to the trial court's finding that the state post-conviction petition filed by Piwowar was frivolous and patently without merit. Piwowar has engaged in correspondence with the IDOC with regards to his claim, and has unsuccessfully requested the post-conviction court

17

to stay its ruling or declare the statute unconstitutional.

State prisoners challenging the deprivation of good- time credits by way of a habeas corpus petition must exhaust adequate and available state remedies before proceeding to federal court. 28 U.S.C. § 2254(b)(1); Preiser v. Rodriguez, 411 U.S. 475, 491-92, 93 S.Ct. 1827 (1973); McAtee v. Cowan, 250 F.3d 506, 508 (7th Cir. 2001). Illinois inmates seeking restoration of good-time credits lost due to constitutionally infirm disciplinary hearings have a judicial remedy: they can file a complaint for an order of mandamus from an Illinois circuit court. McAtee, 250 F.3d at 508-09. If dissatisfied with the result, the inmate must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court. Id. (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845-48, 119 S.Ct. 1728 (1999)). Here, because Piwowar has failed to exhaust his state court remedies, his claims with respect to the IDOC's deprivation of his good-conduct credit are procedurally defaulted. Piwowar has not presented any evidence to establish cause for the default and prejudice arising from the failure to review the claims, or that failure to review the claims on procedural grounds would result in a miscarriage of justice. Accordingly, this court does not reach the merits of Piwowar's claim that the IDOC unconstitutionally revoked his good-conduct credit.

## CONCLUSION

For all the reasons stated above, petitioner Dennis Piwowar's petition for writ of habeas corpus is denied. This case is dismissed in its entirety. All pending motions are moot.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
United States District Judge

DATE: January 10, 2003